UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ALALEH ALAMIR,

                Plaintiff,

      -against-                                10 Civ. 0336 (LAK)

TARQUIN CALLEN,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

Appearances:

        Gary S. Redish
        WINNE, BANTA, HETHERINGTON, BASRALIAN & KAHN, PC
        *Attorneys for Plaintiff*

        Frederic C. Weiss
        *Attorney for Defendant*

LEWIS A. KAPLAN, *District Judge.*

        This action for damages and a declaration of rights under a prenuptial agreement is before the Court on the defendant's motion to dismiss on the ground of *forum non conveniens* or for insufficiency of service of process.

*Facts*

        Plaintiff Alamir, a citizen of France, and defendant Callen, a United States citizen,

entered into a prenuptial agreement and were married in Nice, France, on January 10, 2004. They have separate actions for divorce pending in the Regional Court of Nice, 1st Section, Chamber C. Alamir nonetheless commenced this action in the New York Supreme Court, New York County, for damages for breach of and a declaration of rights under the prenuptial agreement. Callen removed the action to this Court on the basis of 28 U.S.C. § 1332. Alamir moved unsuccessfully to remand, arguing that the case comes within the domestic relations exception to diversity jurisdiction. Callen now seeks dismissal on the ground that the dispute should be resolved in France as part of or in connection with the matrimonial actions pending there or, alternatively, dismissed for lack of personal jurisdiction.

The facts pertaining to the *forum non conveniens* issue are few and simple. Alamir is of Persian birth, but moved to France after the Shah of Iran was overthrown. Alamir and Callen were married in a civil ceremony in Nice, France, on January 10, 2004, at which time and place the prenuptial agreement was signed and notarized. The prenuptial agreement recites that Callen and Alamir were residents of Puerto Rico and Nice, France, respectively. It contains also a New York governing law clause but contains no provisions specifying or submitting to the jurisdiction of any forum in the event of any dispute relating to or arising out of the agreement.

It is undisputed that Alamir resides in Nice, France. Callen asserts that he is a resident and domiciliary of Puerto Rico, a fact supported by Alamir's allegation in her French divorce filing that Callen resides there.

Alamir purports to "know for a fact that [Callen] is hardly ever in Puerto Rico, but instead, spends a majority of his time in New York or out of the country, traveling or on business."[1]

---

[1] Alamir Decl. ¶ 7.

She does not, however, state how she knows this "for a fact," which is a glaring omission in light of Callen's uncontroverted assertion that he has not been in regular communication with Alamir since the divorce proceedings began[2] approximately two years ago. Callen has an apartment in New York City, but he says that he rarely comes here and has submitted a declaration from a friend who checks on the apartment from time to time, collects the mail for Callen, and supports Callen's contention that he rarely comes to New York.[3] The address Callen listed on his 2008 U.S. income tax return and his 2009 request for an extension was in Puerto Rico.

*Discussion*

The standards governing a motion such as this are well established. "Assuming that an adequate alternative forum exists, the analysis proceeds as follows:

> "'An evaluation of a motion to dismiss on the grounds of *forum non conveniens* proceeds in several stages. As comprehensively explained in *Iragorri v. United Technologies Corp.*, 274 F.3d 65 (2d Cir.2001) (en banc), the "first level of inquiry" pertains to "determining whether the plaintiff's choice [of forum] is entitled to more or less deference." *Id.* at 73. A determination of what degree of deference is owed a plaintiff's choice of forum does not dispose of a *forum non conveniens* motion, however, because even after determining what deference to accord the plaintiff's choice, a district court still must conduct the analysis set out in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). *See Iragorri*, 274 F.3d at 73. Thus, the next level of inquiry requires a court under *Gilbert* to determine whether an adequate alternative forum exists. When such is the case the court must go to the third step and balance factors of private and public interest to decide, based on weighing the relative hardships involved, whether the case should be adjudicated in the plaintiff's chosen forum or in the alternative forum suggested by the

---

[2] Callen Reply Decl. ¶ 6.

[3] Angus-Clark Decl. ¶ 2.

defendant.'"[4]

A.   *Plaintiff's Choice of Forum*

The first matter for consideration is "determining whether the plaintiff's choice [of forum] is entitled to more or less deference."[5] As Alamir is a citizen and resident of France, is suing on an agreement signed there in anticipation of a marriage consummated under French law, and has elected to pursue her matrimonial action there, her choice of the New York forum is entitled to considerably less weight than if she or this action had a more substantial connection to this forum.

B.   *Availability of Adequate Alternative Forum*

Alamir contends that the courts of France would not be an adequate alternative forum for resolution of her claim under the prenuptial agreement. She relies upon the declaration of one of her attorneys in the French divorce action, a Kenneth Weissberg.

Mr. Weissberg asserts that "[t]he legal concept of equitable distribution does not exist in French law."[6] The French court, in his view, will limit itself to dissolving the marriage and determining the questions of alimony and support; it will not make a distribution of marital assets.[7] In the very next paragraph, however, he asserts that the French judge, in a preliminary ruling two years ago, denied Alamir's request for an advance of her share of matrimonial assets because the

---

[4] *Int'l Equity Invests. Inc. v. Cico*, 427 F. Supp.2d 503, 504 (S.D.N.Y. 2006) (citation and footnote omitted).

[5] *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 73 (2d Cir.2001) (en banc).

[6] Weissberg Decl. ¶ 3.

[7] *Id.*

judge was confused about the validity of the prenuptial agreement.[8] He then goes on to explain that any issues remaining following the divorce decree, including the distribution of marital assets, would be referred by the French court to a *notaire* for what sounds like mediation. Should the parties disagree with the *notaire*'s proposal, questions of the validity and enforcement of the prenuptial agreement then would be ruled upon by the French court.[9] He contends, however, albeit without citation of any authority, that the French court in that event would not apply foreign law to a prenuptial agreement if the parties do not agree on its application.[10] In the last analysis, then, Mr. Weissberg's view is that his client, Alamir, indeed has remedies under French law for the determination of her claims under the prenuptial agreement. He is concerned only with the possibility that pursuit of those remedies may take time and that the French courts may become confused or decline to apply New York law despite the parties' agreement – in the prenuptial agreement itself – to those issues.

Callen has submitted a declaration of a Chantal Menard-Dauvergne, another French lawyer, in opposition to Mr. Weissberg's. She has opined that the prenuptial agreement is enforceable under French law.[11] She goes on to say that the French judge (1) will rule on the distribution of marital assets, including plaintiff's claim under the prenuptial agreement,[12] and (2)

---

[8] *Id.* ¶ 4.

[9] *Id.* ¶ 5.

[10] *Id.* ¶ 6.

[11] Menard-Dauvergne Decl. ¶ 6.

[12] *Id.* ¶¶ 16, 18-20.

is fully empowered to apply foreign law and that French courts often do so.[13]

I have no doubt that the courts of France are an adequate alternative forum. Even Mr. Weissberg acknowledges that the French courts would resolve any disagreement concerning the prenuptial agreement. And while he and Ms. Menard-Dauvergne seem to disagree as to whether they would apply New York law in doing so, it is far from clear that the disagreement is material inasmuch as the terms of the agreement seem perfectly clear. I therefore turn to the public and private interest factors.

C.   *Public Interest Factors*

As laid out in *Gulf Oil Corp. v. Gilbert*,[14] the public interest factors are as follows:

> "Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach, rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."[15]

The critical issues thus pertain to the appropriateness of this action being tried in a U.S. court.

It certainly may be said with assurance that there is no local interest in having this controversy litigated here. This is a claim by a French citizen against a domiciliary of Puerto Rico

---

[13] *Id.* ¶¶ 33-39.

[14] 330 U.S. 501 (1947).

[15] *Id.* at 508-09.

with respect to a prenuptial agreement signed in France in anticipation of a French wedding. The burdens upon our courts and jurors are sufficient without reaching out to adjudicate disputes related to French marriages, even where the parties for some reason have agreed to New York governing law clauses. That is so despite the fact that New York judges doubtless are more conversant with New York law than our French colleagues. I am confident that our colleagues are fully up to the task of applying New York law where appropriate, just as we regularly apply foreign law when properly called upon to do so. Moreover, there appears to be nothing at all complex about construing the agreement here at issue, which is just over two pages long.

D.   *Private Interest Factors*

The private interest factors include:

> "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of a view of premises, if view would be appropriate to the action, and all other practical problems that make trial of a case easy, expeditious, and inexpensive."[16]

As Alamir and Callen reside in different countries, any forum will be inconvenient for someone. But it hardly lies with Alamir to claim that litigation in Nice, France, the city in which she resides, will be less convenient that litigating in New York. If either of the parties would be inconvenienced by a French litigation, it would be Callen. Moreover, he has indicated his readiness to proceed there by suing Alamir for divorce in the French courts. Thus, the parties already are before the French courts, and both are subject to its decrees. Nor has either party suggested that there are any witnesses (a) whose testimony could be compelled here but not in Nice, or (b) for

---

[16] *Id.* at 508.

8

whom litigation here would be more convenient. So the private interest factors do not favor proceeding here.

*Conclusion*

For the foregoing reasons, the defendant's motion to dismiss the case on the ground of *forum non conveniens* or on other grounds [DI 15] is granted on the ground that this claim should be pursued in the courts of France and, in any case, not here. This implies no view, one way or the other, as to the merits of the plaintiff's claim.

SO ORDERED.

Dated:     November 16, 2010

_____
Lewis A. Kaplan
United States District Judge